In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

Appeal of the **CITY OF PITTSBURGH.**
No. 71–1065.

United States Court of Appeals,
Third Circuit.

Argued Dec. 7, 1971.

Decided Dec. 17, 1971.

Eugene B. Strassburger, III, Executive Asst. City Sol., Pittsburgh, Pa. (Grace S. Harris, Asst. City Sol., Ralph Lynch, Jr., City Sol., Pittsburgh, Pa., on the brief), for appellant.

Edwin P. Rome, Blank, Rome, Klaus & Comisky, Philadelphia, Pa. (Robert W. Blanchette, Marvin Comisky, Matthew W. Bullock, Jr., Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, ALDISERT and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by the City of Pittsburgh from an order (No. 120 of December 30, 1970) of the District Court for the Eastern District of Pennsylvania as entered in the course of the reorganization of Penn Central Transportation Company, a railroad, under section 77 of the Bankruptcy Act. The order, responsive to a petition of the reorganization trustees, authorized the petitioners to convey certain real property of the railroad in Pittsburgh to the "Commonwealth of Pennsylvania, Department of Transportation" under an "Agreement of Sale" that was then before the court.

By oversight of counsel, the City of Pittsburgh, a creditor of the railroad with a lien on the property in question, was not notified of the hearing. However, the City Solicitor learned of the hearing two days before its occurrence and counsel appeared for the city at the hearing. On that occasion he stated that the city had not decided what position to take concerning the proposed sale and requested additional time. However, the court proceeded to hear and grant the petition to sell the real estate. The court reasoned that the city had been aware for some time of the propos-

al to sell the property to the state for the construction of part of a crosstown highway.

Because the city had not received notice of the petition to sell and the hearing thereon to which it was entitled [1] and had learned of the proceeding only two days before hearing, we think the request for additional time to prepare and present the city's position was reasonable. Moreover, nothing appears to indicate that time was so critical as to preclude the allowance of more than two days to prepare for the hearing.

It also appears that while this appeal has been pending the sale has been accomplished and the proceeds are now in the possession or under the control of the trustees. In this connection, it has been represented to us that the purchaser, informed of this appeal, assured the city that it would not complete the authorized transaction until this appeal could be decided. Nevertheless, the sale was completed.

In these circumstances, we think it will be fair to all interested parties and not hurtful to any of them to have the petition for sale reconsidered at a new hearing after adequate notice to the city.

Accordingly, the cause will be remanded to the district court with instructions to calendar a rehearing on the petition for authority to sell the real estate in question within 30 days after the issuance of the mandate of this court and after appropriate notice to all interested parties, including the City of Pittsburgh. Thereafter, the district court may reaffirm, rescind or modify Order No. 120 as it shall deem just and proper. Pending such action by the district court, the trustees shall make no further disposition of the proceeds of the sale.

With the approval of all judges of this court in regular active service, the Clerk is directed to cause the mandate of this court to issue forthwith.

[1]. Section 77 of the Bankruptcy Act requires that creditors of a railroad in reorganization be given "reasonable notice" of a hearing on a proposed sale of railroad property. 11 U.S.C. § 205(o). In ordinary bankruptcy, ten days' notice is required. 11 U.S.C. § 94(a).